UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 15-09195 |
| ROSENSTEIN PROPERTIES, LLC | ) | |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | |
| | ) | |

**ROBERT BLAJDA' S RESPONSE TO
THE DEBTOR'S MOTION FOR AUTHORITY TO EMPLOY ATTORNEYS
ASSOCIATED WITH DI MONTE & LIZAK, LLC**

Robert Blajda, one of four listed creditors of the Debtor responds to the Debtor's motion to employ attorneys for this bankruptcy case as follows:

1.  The Debtor filed its petition initiating this single asset real estate case on March 16, 2015.  No schedules or statement of financial affairs have been filed and the 341 meeting of creditors is scheduled for April 16, 2015.  The single real estate asset owned by the Debtor is a large industrial warehouse property located in Elk Grove Village, Illinois (the "Property").

2.  On March 24, 2015 the Debtor filed its application to retain A. Brustein, D. Samz and J.J. Smoka, each of Di Monte & Lizak (collectively "D&L") as its bankruptcy counsel in this case.  The Debtor noticed its application for hearing on March 31, 2015, only 15 days subsequent to the Petition Date.

3.  Rule 6003 of the Federal Rules of Bankruptcy Procedure provides that this Court shall not grant (a) a retention application or (b) a motion to assume or assign an executory contract or unexpired lease for 21 days after the Petition Date absent a compelling reason to avoid irreparable harm.  The Debtor has not shown evidence of any compelling interest or harm that supports it retention application or its lease assumption motion.

4.  This Bankruptcy Case was initiated the day before a scheduled Circuit Court

hearing on the motion of Ira Lauter, the duly appointed state court receiver in Blajda's mortgage foreclosure case, for possession of the Property.

5. The Property is occupied by a single tenant, Greenridge Farm, Inc., which is owned by insiders of the Debtor.

6. D&L's retention application discloses that it represented both the Debtor and Greenridge Farm in Blajda's mortgage foreclosure case, but crucially fails to disclose that the Debtor's insiders also own Greenridge Farm.

7. D&L's retention application magnanimously represents that it has waived its pre-petition claim against the Debtor for unpaid fees from the representation in the mortgage foreclosure case but is silent as to the obligation of Greenridge Farms or the Debtor's insiders to pay the Debtor's pre-petition obligations to D&L.

8. On March 24, 2015, D&L filed the Debtor's motion to assume its lease with Greenridge Farm, to which Blajda has objected. If the lease assumption motion is granted, this Bankruptcy Case will assuredly fail and there will be no funds to pay administrative expenses, much less pay creditors under any plan.

9. D&L however is insulated from the adverse consequences to the Debtor's estate and its creditors from the Debtor's assumption of the lease and the Debtor's failure to reorganize because D&L holds a guaranty from the Debtor's insiders. D&L's retention application discloses that the Debtor's insiders have personally guaranteed payment of its post-petition fees and costs.

10. Thus, D&L's representation that it is a "disinterested person . . . does not hold or represent an interest adverse to the estate…has not and currently does not represent any Creditor of the Debtor or any insider of the Debtor . . ." is highly questionable; the more so because of its

premature filing and prosecution of the lease assumption motion to the detriment of the Debtor's creditors and its bankruptcy estate (but not to D&L).

Wherefore Robert Blajda prays that this Court defer the hearing on the Debtor's retention application to a date after April 4, 2015, that D&L be required to supplement its retention application to explain why it is not hopelessly conflicted from representing the Debtor, and for such other and further relief as is just.

Dated: March 30, 2015　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　ROBERT BLADJA


　　　　　　　　　　　　　　　　　　　　　　　　By:　　/s/ Daniel Zazove
　　　　　　　　　　　　　　　　　　　　　　　　　　　*One of His Attorneys*

Daniel A. Zazove
David Gold
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400

117091-0001/LEGAL125499902.2